IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CENTRAL GODBOLT,** | * | |
| *Petitioner*, | * | |
| v. | * | Criminal No.: RWT 06cr515 |
|  | * | Civil No.: RWT 10cv2460 |
| **UNITED STATES OF AMERICA,** | * | |
| *Respondent*. | * | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Central Godbolt's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court determines that an evidentiary hearing is unnecessary and denies Petitioner's Motion.

## Background

On November 15, 2006, a federal grand jury in this District returned a eight-count indictment against the Petitioner and co-defendant, Kwame Mayson. *See* Indictment, Nov. 15, 2006, ECF No. 1. Petitioner and his co-defendant were charged with conspiracy to defraud the government and to commit theft of government property in violation of 18 U.S.C. §§ 371 and 641 (Count 1), making false statements in violation of 18 U.S.C. § 1001 (Counts 2-4), and theft of government property and money in violation of 18 U.S.C. § 641 (Counts 5-8). *See* Resp. in Opp'n to Pet'r Mot. 1, Dec. 21, 2010, ECF No. 124.

On September 28, 2007, a jury found Petitioner guilty of conspiracy and three counts of making false statements, and not guilty of three counts of theft of government property. *See* Judgment 1, May 8, 2008, ECF No. 81. Count 8 was dismissed by the Government. On May 8,

2008, the Court sentenced Petitioner to 34 months imprisonment and imposed a $202,353.44 restitution and total loss penalty.  *Id.* at 2, 5.  On September 15, 2009, the Fourth Circuit affirmed.  *See United States v. Godbolt*, 345 Fed. App'x 881 (4th Cir. 2009).

On September 9, 2010, Petitioner filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.  Pet'r Mot. 1, 4, ECF No. 120-1.  Petitioner argues the Court erred in calculating the amount of loss or restitution, and that he was denied his Sixth Amendment right to effective assistance of counsel.  *Id.*  Respondents assert that Petitioner is barred from raising an argument about the amount of loss or restitution, and Petitioner fails to establish his Counsel was ineffective.  Resp. in Opp'n to Pet'r Mot. 1, ECF No. 124.  The matter is fully briefed and ready for adjudication.

## Analysis

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  *See* 28 U.S.C. § 2255 (2006); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  A § 2255 claim will be denied an evidentiary hearing if the petitioner fails to plead facts that establish a material dispute.  *See Higgs v. United States*, 711 F. Supp. 2d 479, 552 (D. Md. 2010) (citing *Townsend v. Sain*, 372 U.S. 293, 312 (1963), *overruled on other grounds by* 504 U.S. 1 (1992)).

**I.   The Court Appropriately Determined the Amount of Loss and Restitution.**

Petitioner claims the Court erred in calculating the loss and restitution penalty; however, Petitioner did not raise this issue earlier on appeal.  Non-constitutional issues are waived in a § 2255 petition if not raised on appeal.  *See United States v. Pettiford*, 612 F.3d 270, 280 (4th

Cir. 2010) ("Because Pettiford never challenged his three remaining predicate convictions at sentencing or on direct appeal, he would typically be 'barred from raising the[se] claim[s] on collateral review.'") (citing *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006)); *United States v. Emmanuel*, 869 F.2d 795, 796 (4th Cir. 1989) (finding the appellant's claim was not properly before the court in the § 2255 proceeding, because appellant failed to raise the claim previously on appeal). An exception to this bar applies to habeas applicants that demonstrate cause and prejudice to excuse the default, or actual innocence. *See Dretke v. Haley*, 541 U.S. 386, 388 (2004).

Here, Petitioner failed to raise the issue previously on appeal, barring this Court from reviewing it in a § 2255 proceeding. *See Pettiford,* 612 F.3d at 280; *Emmanuel*, 869 F.2d at 796. Moreover, Petitioner fails to demonstrate cause and prejudice to excuse the default, and fails to produce evidence to support actual innocence. Therefore, the Court denies Petitioner's request under § 2255.

## II.     Petitioner Had Effective and Competent Counsel.

Petitioner claims he had ineffective assistance of counsel because Counsel (1) failed to adequately investigate the case during discovery; (2) failed to secure Petitioner's workstation; and (3) failed to call particular witnesses. Pet'r Mot. 5-7, ECF No. 120-1. In evaluating claims of ineffective assistance of counsel, the Court applies the two prong test established by the Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner must show that counsel's representation fell "below an objective standard of reasonableness, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The court is highly deferential to counsel's decisions, and reviews the challenged conduct in light of an attorney's trial strategy. *See id.* at 689; *Roach v.*

*Martin*, 757 F.2d 1463, 1477 (4th Cir. 1985) ("We should be extraordinarily slow to second-guess counsel's trial strategy.").

Here, the Court finds Counsel to have been acting effectively and reasonably within the standards of the profession. First, Counsel for the Petitioner affirmed that he had sufficient access to the Navy base to investigate the case and obtain material evidence. Resp. in Opp'n to Pet'r Mot. 3, ECF No. 124. Additionally, federal authorities secured Petitioner's workstation and gave Counsel access to necessary materials. *Id.*

Petitioner's claim that Counsel failed to call four witnesses is unsubstantiated and, thus without merit. Petitioner alleges Counsel failed to call two bank administrators to testify, yet each bank administrator was a government witness and Counsel had the opportunity to cross-examine both individuals. Resp. in Opp'n to Pet'r Mot. 4, ECF No. 124. Further, Petitioner does not provide any evidence—i.e. affidavits—to establish the other two individuals' proffered testimonies. Without affidavits substantiating a potential witness's testimony, "speculation [of a potential testimony] is not sufficient to support an ineffective assistance claim." *Wooten v. Hartwig*, 1997 WL 119585, at *2 (7th Cir. Mar. 11, 1997); *See also United States v. Bass*, 460 F.3d 830, 839 (6th Cir. 2006) (holding that the lower court did not err in denying the defendant a hearing on uncalled witnesses because the defendant failed to produce evidence of what the witnesses would testify).

Even assuming that Petitioner is correct and Counsel's conduct fell "below an objective standard of reasonableness," Petitioner does not show that there is a reasonable probability the case would have had a different result. *See Strickland,* 466 U.S. at 694. Therefore, Petitioner's motion will be denied because records do not indicate that Petitioner received deficient or ineffective counsel that unduly prejudiced his case.

**Conclusion**

For the aforementioned reasons, Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 will be denied. A separate Order follows.

Date: July 17, 2012                              /s/
                                                     ROGER W. TITUS
                                           UNITED STATES DISTRICT JUDGE